(No. 6591.   December 2, 1938.)

REGINA NISTAD, Widow of AXEL NISTAD, Deceased, Appellant, v. WINTON LUMBER COMPANY, a Corporation, Employer, and WORKMEN'S COMPENSATION EXCHANGE, Surety, Respondents.

[85 Pac. (2d) 236.]

J. Ward Arney, for Appellant.

Spencer Nelson and Ralph S. Nelson, for Respondents.

HOLDEN, C. J.—This is a proceeding by Regina Nistad to recover compensation for the death of her husband.

Respondent Winton Lumber Company is now, and for a number of years has been, engaged in the operation of a sawmill at Gibbs, in Kootenai county, Idaho, and was, and is, insured by respondent Workmen's Compensation Exchange under the provisions of our workmen's compensation statute.

For several years Axel Nistad was employed as a regular piler but for about a year prior to June 1, 1937, he was

usually employed in the capacity of a "spare piler." When Nistad came home from work on the evening of May 3, 1937, he was very pale and told his wife that he had had a funny experience that day and that as he was just through unloading some planks "I felt a strain and I couldn't do anything for a long time" and "tasted blood." He also complained of feeling choky and full in his chest. However, he continued to work but appeared pale, had little appetite and was unable to stoop over in his usual normal manner because of pain in the chest. On the morning of June 1, 1937, Nistad ate very little breakfast and appeared to his wife to be in greater distress than usual and told her, just before leaving for work at the mill shortly after 6 o'clock in the morning, that he hoped he would not have to pile lumber that day. He arrived at the mill about 6:30 A. M. and went to work with a lumber piling crew. The sawmill had not yet started work for the day when Nistad and his working "partner" piled a truck load of white pine boards, 1″x10″x16′. The two men then proceeded to roof a lumber pile which had reached the height of about 18′. While thus employed, Nistad was on top of the lumber pile and his "partner" was on the loaded lumber truck. His partner passed a white pine board, weighing from 25 to 30 pounds, up to Nistad and reached for another when he noticed the last board he had passed up had not been placed in position and then called to Nistad. Receiving no reply, he became alarmed and climbed to the top of the pile where he found Nistad lying face downward with the board across his body. At that time Nistad was unconscious and died within three or four minutes.

His widow, Regina Nistad, filed a claim for compensation, and, following the hearing, the board found that at all times during the month of May, 1937, and on the 1st day of June of that year, Nistad was employed by respondent Winton Lumber Company and "that the exact cause of the death of said Axel Nistad is unknown, but that death was caused by disease and not by injury; that said deceased did not sustain a personal injury by accident arising out of and in the course of his employment with the defendant, Winton Lumber Company, either on the 3d day of May, 1937, or on the 1st day of

June of that year or at any other time, and that said death was not the result of a personal injury by accident arising out of and in the course of any employment by said Axel Nistad with said defendant," and then entered the following order:

"WHEREFORE, IT IS ORDERED, AND THIS DOES ORDER, That Regina Nistad, claimant, take nothing by these proceedings against the Winton Lumber Company, employer, and Workmen's Compensation Exchange, surety, or either of them, and that her claim herein be, and the same hereby is, denied and her application dismissed."

Claimant appealed from the order, and the Winton Lumber Company and the Workmen's Compensation Exchange prosecuted a cross-appeal from that part of the decision of the board holding that Nistad was not an independent contractor.

It will be noted the board finds the exact cause of Nistad's death was unknown. After finding that the cause of death was unknown, it finds "that death was caused by disease and not by injury." If the cause of death was unknown, there is nothing to support the finding that Nistad's death was caused by disease, and, further, if the cause of death was unknown, there would be just as much reason for finding Nistad died from an injury sustained by accident as for finding "that death was caused by disease."

It is thus apparent the finding is contradictory and confusing, and therefore insufficient. (71 C. J. 1179, sec. 1064; *Lunardello v. Republic Coal Co.*, 101 Mont. 94, 53 Pac. (2d) 87, 90.) It must be kept in mind that aggravation or acceleration of a pre-existing disease or weakened condition, if caused by accident, results in industrial injury or death. (*Mager v. State Workmen's Ins. Fund*, 127 Pa. Super. 438, 193 Atl. 155; *Butler v. Anaconda Copper Min. Co.*, 46 Ida. 326, 268 Pac. 6; *In re Larson*, 48 Ida. 136, 267 Pac. 1087; *Evans v. Cavanagh*, 58 Ida. 324, 333, 73 Pac. (2d) 83, 87.)

Furthermore, in *Beaver v. Morrison-Knudsen Co.*, 55 Ida. 275, 297, 41 Pac. (2d) 605 (an industrial accident case), in discussing the question of absolute certainty in litigation, this court held that "the law contents itself with probabilities,

and declines to wait for certainty before drawing its conclusions.'' Applying that rule to this case, it follows it is not necessary that the *exact* cause of death be proven. The law does not require such a high degree of proof. It is sufficient to prove the *probable* cause.

Where the parties to the controversy fail to produce satisfactory evidence, for instance, of the cause of death, as the board, in effect, found in the case at bar, that is to say, where the parties fail to satisfactorily establish whether an employee died from disease or as the result of an injury sustained by accident, or where the parties fail to produce satisfactory evidence upon any question of fact material and necessary to the decision of the case, then, and as pointed out in *Pierstorff v. Gray's Auto Shop*, 58 Ida. 438, 450, 74 Pac. (2d) 171, ''*It becomes the duty of the board to make full and exhaustive inquiry* (*Feuling v. Farmers' Co-operative Ditch Co.*, 54 Ida. 326, 334, 31 Pac. (2d) 683), and to that end the board may not only examine any competent witness at the conclusion of his direct and cross examination upon all matters material and relevant to any issue, *but it may also subpoena and examine other competent witnesses.*''

As above stated, respondents cross-appealed on the ground the evidence did not show deceased was an employee and not an independent contractor, and that respondents had not been injured by failure to give the employer proper notice of the accident, but the record is sufficient in these two respects to support the board's findings.

The order of the board is reversed and the cause remanded with directions that it take additional evidence as to the cause of deceased's death and make definite findings thereon. Costs to abide final judgment.

Morgan, Budge and Givens, JJ., concur.

Ailshie, J., deeming himself disqualified, did not participate in the decision herein.