(No. 7176. May 9, 1944.)

ALLAN S. ARBOGAST, Respondent, v. JEROME COOPERATIVE CREAMERY and STATE INSURANCE FUND, Surety, Appellants.

[149 Pac. (2d) 230.]

Rehearing denied June 12, 1944.

Frank L. Benson for appellants.

S. T. Lowe for respondent.

GIVENS, J.—Appellant Jerome Cooperative Creamery was a manufacturer of casein at Burley. Trays for drying the casein were part of its necessary equipment. These trays were made of wood and screen material on which the casein was placed and dried. The company employed Theodore Arbogast and his brother, claimant, to manufacture these trays, for which they were to receive 50c a tray and $1.00 an hour for sawing the wood to the proper dimensions. The work was to be done on Theodore Arbogast's premises and on the premises of the two lumber companies where the lumber was secured and sawed by the Arbogasts with the equipment of the lumber companies. Claimant, while ripping the wood, suffered a severe injury to his hand, for which he asks compensation from the company and the fund as its insurance carrier. The claim is resisted on the ground that the claimant was an outworker or a casual employee. The board found he was neither and awarded compensation.

While these trays were a necessary part of the company's equipment and undoubtedly had to be made or purchased from time to time as they might wear out or new equipment was needed, there was no evidence to show that it was the regular or periodical custom of the company to employ workmen to make these trays. It is not shown that it is essentially a part of the creamery company's business in the manufacture of casein to employ workmen to make these trays. Making of the trays was as to the company only casual and falls within the application of the rule announced in *Orr v. Boise Cold Storage Co.*, 52 Ida. 151, 12 P. (2d) 270; *Rabideau v. Cramer*, 59 Ida. 154, 81 P. (2d) 403; *Dawson v. Joe Chester Artificial Limb Co.*, 62 Ida. 508, 112 P. (2d) 494; *Ross v. Reynolds*, 64 Ida. 87, 127 P. (2d) 775; *Bigley v. Smith*, 64 Ida. 185, 129 P. (2d) 658.

This conclusion renders it unnecessary to consider whether claimant was also an outworker.

The order of the board is reversed.

Ailshie, J., concurs.

BUDGE, J., concurring specially.—The Jerome Cooperative Creamery (hereinafter referred to as the Creamery) owned and operated· a plant in Burley, Idaho, wherein it manufactured casein exclusively. The plant was operated during 1943, when it was totally destroyed by fire. In the manufacture of casein the creamery used a large number of trays upon which the casein was placed before it was put into the drier. The trays are constructed of wood with a wire screen on which the casein is placed. One Ross, manager of the Creamery, met Theodore Arbogast, brother of respondent, about the middle of April, 1943, and told him he had a job for him making casein trays. Theodore Arbogast told Ross that the only way he could take the job would be to do it in his spare time when he didn't have anything else to do. It was agreed that Theodore Arbogast would make a few trays and see what it would cost to make them, then they would agree upon a price to be paid. Arrangements were made with Theodore Arbogast to order the necessary materials and to go to the creamery and get what materials were there that could be used, and then go ahead and make some trays. It was thereafter agreed between Ross and Theodore Arbogast that the creamery would pay fifty cents each for assembling the trays, and $1.00 per hour for sawing and ripping the lumber to be used in making the trays, and that the creamery would also pay for the use of the saws in cutting up the lumber into necessary lengths and sizes. Sometime in April Ross met the respondent, Allan S. Arbogast, and stated to him, in substance, that the creamery was badly in need of trays, and asked respondent *if he would help on them, and respondent said he would.* This latter statement made to respondent by Ross is the only evidence in the record that could be construed to indicate that Ross, as manager of the creamery, ever employed respondent to perform any work or labor in the construction of the trays.

It will be remembered that all arrangements for assembling trays, the price to be paid for each tray, the amount to be paid for sawing and ripping the lumber for

the assembling of said trays, including the payment for the use of the saws owned by Tri-State Lumber Company and Farmer's Equity Company were made with Theodore Arbogast and not with respondent, who was not present when the agreement was made between Ross and Theodore Arbogast. The record further discloses that all the information that respondent had with reference to said arrangements was communicated to him by Theodore Arbogast. In the light of such facts the statement made by Ross to respondent, as above recited, was for the purpose of ascertaining whether or not respondent was going to help his brother in manufacturing the trays. It falls short of a contract of employment of respondent by the creamery sufficient to establish the relationship of employer and employee.

The Board found, among other findings, that "the defendant, Jerome Cooperative Creamery, through its local manager, Clyde Ross, some time prior to the date of the accident, made an arrangement with Theodore Arbogast, brother of claimant, to manufacture trays for drying casein." And again the Board found that "Theodore Arbogast, being regularly engaged in other employment and working on the trays only in spare time, *employed his brother, the claimant,* with the knowledge of the defendant creamery, to assist him in the manufacture of the casein trays."

True, the creamery may have had knowledge that Theodore Arbogast employed his brother, respondent, to assist him in manufacturing the casein trays. The creamery, although being in possession of such knowledge that respondent was working for his brother, it was insufficient to establish employment of respondent by the creamery.

The claimant alleged in his petition for hearing filed with the board that on the 18th day of May, 1943, he received a personal injury arising out of and in the due course of his employment with the creamery, and that as a result of said injury so received he was, disabled from work and suffered permanent partial disability consisting of the loss of the first finger at or near the second joint, and injury to the thumb and second finger on the left hand, etc.

These allegations were denied by appellants in their answer to the petition, other than appellants admitted that respondent received a personal injury caused by an accident on the 18th day of May, 1943, but specifically denied that

said accident arose out of and in the course of claimant's employment with the creamery, and denied that respondent's employment with the creamery was covered by the Workmen's Compensation Act, thereby raising the principal issue in the case. In other words, it is the contention of respondent that the accident arose out of and in the due course of his employment with the creamery, while appellants contend exactly to the contrary.

The Board evidently adopted the contention of respondent by finding and concluding "that claimant [respondent] at the time of said accident was an employee of the defendant, Jerome Cooperative Creamery." A careful examination of the testimony fails to support the Board's findings or conclusions in this respect. The rule is well settled in this jurisdiction that in compensation cases the burden of proof is upon the claimant. (*Rand v. Lafferty Transportation Co.*, 60 Ida. 507, 92 P. (2d) 786; *Nistad v. Winton L. Co.*, 59 Ida. 533, 85 P. (2d) 236; *Nelson v. Tesimini Timber Prot. Assn.*, 59 Ida. 529, 84 P. (2d) 566; *Suren v. Sunshine M. Co.*, 58 Ida. 101, 70 P. (2d) 399; *Webb v. Gem State Oil Co.*, 56 Ida. 465, 55 P. (2d) 1302; *Parkinson v. Anaconda Copper M. Co.*, 56 Ida. 610, 57 P. (2d) 1216; *Carlson v. F. H. DeAtley & Co.*, 55 Ida. 713, 46 P. (2d) 1089; *Liberg v. Genessee Union Warehouse Co.*, 55 Ida. 123, 38 P. (2d) 999; *Vaughn v. Robertson & Thomas*, 54 Ida. 138, 29 P. (2d) 756; *Wells v. Robinson Constr. Co.*, 52 Ida. 562, 16 P. (2d) 1059.)

The findings of the Industrial Accident Board must be supported by competent and substantial evidence. Respondent, upon whom the burden rested, failed to establish employment by the creamery or that at the time of the accident he was employed by the creamery, and that said accident arose out of and in the course of his employment with the creamery.

In my opinion the evidence establishes beyond controversy that respondent was not employed by the creamery when the accident occurred; that the accident did not arise out of or in the due course of his employment by the creamery, but does establish the fact that the respondent was employed by his brother, Theodore Arbogast, to assist him in assembling the casein trays.

I agree with the conclusion reached in the opinion written by Mr. Justice Givens wherein he holds that the

employment performed by Theodore Arbogast for the creamery in making the casein trays, and all necessary work in connection therewith, was but casual employment and not covered, but exempt, under section 43-904 I. C. A., and even conceding the contention that respondent was employed by the creamery, the work performed by him was casual employment and not covered by section 43-904, supra.

It will be unnecessary to discuss or determine other alleged assignments of error in view of the holding herein.

The award of the Board should be reversed, and the Board should enter an order denying the claim and dismissing respondent's petition.

Holden, C. J., and Dunlap, J., dissent.