212 P.2d 1036

**DAY MINES, Inc. v. LEWIS, Commissioner of Law Enforcement.**

**HECLA MINING CO. v. LEWIS, Commissioner of Law Enforcement.**

Nos. 7535, 7536.

Supreme Court of Idaho.

Dec. 15, 1949.

Paul B. Jessup, Wallace, W. H. Langroise, Boise, W. E. Sullivan, Boise, for appellants.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., for respondent.

KEETON, Justice.

The appellant corporations are engaged in mining and own and operate mining property in Shoshone County, and were subject to the Mine License Tax Law passed in 1935, First Extraordinary Session, Chap. 65.

Respondent in each of these cases is the official chargeable with the collection of the mine license tax and claims an additional tax liability against each appellant by reason of a disallowance by him of depreciation on capital improvements made by appellants during the years 1934 to 1940, and which depreciation the appellants claim is a proper deduction from gross sales of ore made by appellants during the years 1941, 1942 and 1943.

The lower court determined the matter in favor of respondent and entered a declaratory judgment in each case, holding: "that plaintiff was and is not entitled, in ascertaining its net receipts during the respective years 1941, 1942 and 1943, or any subsequent years, to deduct from its gross receipts for said years or any thereof, any sums or part thereof which were theretofore deducted from its gross receipts for any year or years prior to the year 1941 in ascertaining its net receipts for said prior year or years, for the reason that the 1941 amendment of the original Mine License Tax law does not authorize such duplicate deductions".

Further, that there is due and owing from plaintiff, Day Mines, Inc., the total sum of $2,727.35, with interest, and that the Hecla Mining Company, a corporation, owes the sum of $853.65, together with interest, for the years in question (1941-1942-1943).

From such declaratory judgment the appellants appealed, and the cases have been consolidated for decision, the same principle of law applying in each case.

The original Mine License Tax Law, 1935, First Extraordinary Session Laws, Chap. 65, among other things provides: "For the privilege of mining or extracting ores in this state, every person * * corporation or association * * * shall pay to the State of Idaho, in addition to all other taxes provided by law, a license tax equal in amount to three per cent of the value of the ores mined or extracted as determined by this act * * *."

Section 2 provides a method of measuring or determining the amount of tax to be paid, the pertinent part being as follows: " * * * the value of ore mined or extracted shall be the amount of money received from the mining or extracting of said ores from said mine or mining claim, after the deduction of the actual expenditure of money and labor in and about extracting the ores from the mine or mining claim, and transporting the same to the mill, concentrator or reduction works, and the reduction thereof, and the conversion of the same into money, or its equivalent, and also the deduction of all moneys expended for necessary labor, machinery and supplies needed and used in the mining operations, for the improvements necessary in and about the mine or mining claim, for reducing ore, for the construction of the mills and reduction works used and operated in connection with the mine or mining claim, for transporting the ore, and for extracting the metals and minerals therefrom; but the money invested in the mine, or improvements made during any year except the year immediately preceding the filing of the statement as required in Section 3 of this Act, shall not be included therein. Such expenditures shall not include the salaries, or any portion thereof, of any person or officer not actually engaged in the working of the mine, or personally superintending the management thereof."

The act further provided the method of making the statement on which the tax was to be figured, the person to whom it should be paid, and suitable penalties for failure to comply.

From the taking effect of this act, the appellants filed mine license tax returns for the period ending December 31, 1940, showing the money they received, the deductions, and the net sum on which the tax was to be computed, and as authorized by the act, made deductions for monies expended each year for improvements necessary in and about the mining property.

It is admitted by the pleadings that the appellants paid to the Commissioner of Law Enforcement, as required, all sums due for the period of time from the taking effect of said act to December 31, 1940.

The Mine License Tax Law, supra, was amended in 1941, being Chap. 106 of the 1941 Session Laws, and the basis or yardstick to be used in determining the tax was amended, the pertinent part being as follows: "For the purpose of measuring and determining the amount of tax to be paid under the provisions of Section 1 of this Act, the value of ore mined or extracted shall be the amount of money received from the mining or extracting of said ores from said mine or mining claim, after the deduction * * * *of expenses, losses and deductions provided for by Section 61-2429 of the Idaho Code Annotated, as amended, being a part of the Property Relief Act of 1931, which are apportionable, applicable or allowable to the business of mining, extracting, processing and milling of said ores from said mine· or mining claim."*

The tax due under this act is, by both the original .act and the amendment, made payable on or before June 1st of each year.

Appellants filed mine license tax returns for the years 1941, 1942 and 1943, and from the value of the ore mined or extracted from their mining operations, each made the deductions authorized by Sec. 61-2429, I.C.A., now 63-3032, I.C. In determining the depreciation for the years 1941, 1942 and 1943, appellants included depreciation on improvements made during the years 1934 to 1940, inclusive, and in the case of Day Mines, Inc., sums attributable to depreciation for improvements made between the years 1937 and 1940 amounted to the sum of $31,704.89 for 1941, $31,192.85 for 1942, and $28,014.13 for 1943, and in the case of Hecla Mining Company, the sums attributable to depreciation for improvements made between the years 1934 to 1940, amount to the sum of $15,964.80 for 1941, $9,542.91 for 1942, and $5,894.86 for 1943.

The amount of depreciation claimed for income tax purposes (distinguishable from mine license tax) is not in dispute and the respondent does not contend that the depreciation taken and deductions so made are not applicable to the mining business so far as the same pertains to the income tax.

The respondent, in his brief, states the question for determination as follows: "Has a mine operator who in the years commencing with 1934 and to and including 1940, or in any of those years, deducted for each year, from his gross mining returns received in that year, the total amount of money spent in that year for machinery, improvements and the like (as required during those years to be done) the right, starting with the year 1941, to deduct *again* those same moneys by the route of annual depreciation?"

It will be noted that the original act of 1935, Chap. 65 Extraordinary Session

Laws, supra, fixed a standard by which the income for the purpose of determining the mine license tax was to be figured, but did not allow any deduction for depreciation, obsolescence, depletion, or some other items allowable in income tax returns for those years. In other words, the income tax of such mining corporations as distinguished from the mine license tax was, prior to 1941, computed on a different basis. The deductions originally allowed mining companies for capital improvements were treated as the cost of operating expenses.

It will also be noted that any deductions for expenditures for construction and improvements were required to be taken in the years such expenditures were made (1935 to 1941).

The 1941 amendment, Sec. 47-1202, I.C., 1941 Session Laws, Chap. 106, changed the standard by which the amount of mine license tax should be measured. The 1941 amendment eliminated capital expenditures for any one year and permitted the deduction of the depreciation allowable by the income tax return. Sec. 63-3032, I.C.

The act itself for the years subsequent to 1940 permits the mining company to deduct "expenses, losses and deductions provided for by Section 63-3032 I.C., being a part of the Property Relief Act of 1931".

Sec. 63-3032 enumerates deductions that may be taken by corporations and subd. 7 of the act provides for "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence" and in the case of mines "a reasonable allowance for depletion and for depreciation of improvements."

In computing the mine license tax for the years 1941, 1942 and 1943, the appellant corporations made the same deductions from gross income as they made on their state income tax returns for the same year, including deductions for depreciation; and in determining the amount or basis upon which to compute depreciation to determine the mine license tax as well as the income tax, appellants included as part of the cost of their depreciable assets, the amount expended by them for improvements during the years preceding 1941, in which the mine license tax was in effect.

By the 1941 amendment, supra, the legislature eliminated the specified deductions formerly allowed for capital improvements, and established in lieu thereof, as allowable deductions, those permitted under the state income tax law.

In changing the standard of measurement for the purpose of computing the mine license tax, the legislature did not *expect* improvements charged against the mine license tax returns during the years 1935 to 1940 inclusive. It simply fixed a new standard by which the tax was to be measured.

The question arises, were the allowances as deductible items for improvements

during the years 1935 to 1940, *charged off* so as not to permit depreciation of such improvements for the years subsequent to 1940.

The mine license tax is not an income tax. It is an occupational or excise tax on miners, and is levied in addition to ad valorem and income taxes. It imposes a tax on the privilege of mining, and is one created solely by legislative enactment. The right to impose the tax so exercised by the legislature also gives the legislature the right to change or repeal it, a fortiori, the right to fix a new or different standard or basis on which to compute the tax.

To give effect to the respondent's contention that "depreciation" should only apply to assets or capital improvements made by the mining companies, for a period of time other than the period in which the original act was effective, would be to read into the amendatory act words not used by the legislature.

The amendatory act of 1941, supra, plainly allows the appellants to deduct from gross income, a reasonable allowance for exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for depletion and depreciation of improvements, and by the plain wording of the statute, changes the method of determining the amount on which the mine license tax of three percent should be computed.

This court cannot read into or subtract from the plain wording of a statute and cannot interpret such act to mean something that it does not say; nor speculate on what the legislature intended to do except as that intent is expressed in the amendatory statute above; nor reword a legislative act. While the change in the wording of the statute by amendment might in some instances result in a benefit to the taxpayer, in others, the converse would be true.

The amendatory act of 1941, by plain language, and without exception permits depreciation deductions allowable in income tax reports, and by express provision so declares.

It should also be noted that the mine license tax is one which accrues each year and is fixed and payable on an annual basis. Losses, if any, occurring in one year cannot be carried over and charged off in a subsequent year, and the legislative act specifically fixes the standard on which the tax should be computed on an annual basis. The act itself clearly instructs the taxpayer how to compute this tax for the year 1941, and subsequent years.

Nor can the act be construed to have any retroactive effect. Nor does such change in the standard of measuring the tax allow the mining companies to *again* charge off improvements made for the years 1935 to 1940.

The amendatory act of 1941 fixing a standard for measuring the mine license

tax simply established a new standard, or measuring stick for computing such tax.

The fact that a taxpayer's liability may be reduced by a change in the law does not prohibit the taxpayer from taking advantage of such change and paying such lesser amount as the legislative body may authorize; and regulations of a tax collecting agency (in this case the Commissioner of Law Enforcement) not authorized by law, or being contrary to law, cannot be enforced. Helvering v. Sabine Transportation Co., Inc., 318 U.S. 306, 63 S. Ct. 569, 87 L.Ed. 773.

We therefore conclude that reasonable depreciation allowable for mining companies for determining the figure on which the mine license tax is to be computed permits such reasonable depreciable deductions as are allowed by Sec. 63-3032, I.C. and such depreciation may include depreciation on improvements made during the years 1934 to 1940.

The judgment is therefore reversed and the cause remanded, with instructions to the trial court to enter judgment for the appellants. Costs to appellants.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.