245 P.2d 822

## DAVIS v. SUNSHINE MINING CO.

No. 7837.

Supreme Court of Idaho.

June 25, 1952.

Frank L. Benson and Pete Leguineche, Boise, for appellant.

H. J. Hull & Sons, Wallace, for respondent.

KEETON, Justice.

Appellant, claimant before the Industrial Accident Board, was at all times pertinent here, an employee of respondent, Sunshine Mining Company, employed in the capacity of an underground miner.

On July 12, 1948, while so employed, he was riding an underground motor, and suddenly felt like he wanted to cough, and started to spit blood. He was taken to a hospital and his condition originally diagnosed as pneumonia. X-rays were taken, laboratory tests made, he was further examined, and his ailment was then diagnosed as pulmonary tuberculosis. He was removed to the Veterans Administration Hospital at Walla Walla and Dr. Baumwell diagnosed his condition as "pulmonary tuberculosis, reinflection type, advanced, active * * * non-acute".

A silicosis questionnaire, Industrial Accident Board form 103, was filed with the Board August 2, 1948, and a formal claim for silicosis compensation was filed October 29, 1948. In this claim the disabling occupational disease is alleged as "tuberculosis and silicosis" and date of first manifestation as July 13, 1948.

In a petition for hearing the claimant described his condition as "a permanent total disability for work consisting of silicosis and T.B."

An answer to claimants petition was filed, a hearing had, and the Board found:

"That claimant's disability from pulmonary tuberculosis of the pneumonic type, uncomplicated by silicosis, was not the result either primarily or by inducement or aggravation, of an accident arising out of and in the course of his employment by Sunshine Mining Company."

and further found:

"The testimony shows without appreciable conflict that he (claimant) did not at any time suffer or incur silicosis at all * * * claimant failed to show his disabling tuberculosis was induced or aggravated by an accident arising out of or in the course of his employment."

and denied compensation. Claimant appealed.

There are two general classes of conditions that may arise, under the terms of

the Workmen's Compensation Law, by which a disabled or incapacitated workman is entitled to recover compensation from his employer.

The first class is where an employee received injuries which disabled him because he suffered an accident. Sec. 72–201, I.C. An injury or "personal injury" to be compensable must be caused by an accident which results in violence to the physical structure of the body. If recovery is to be had under this section because of an injury, or personal injury, caused by an accident, it must, under the act, arise out of and in the course of employment.

The second class of cases in which the Legislature has provided that the employee shall be paid compensation, is covered by the Occupational Disease Compensation Law, Sec. 72–1201 to 72–1235, I.C.

The Occupational Disease Compensation Law, Sec. 72–1201, I.C., awards compensation in case an employee is disabled because of certain occupational diseases enumerated in Sec. 72–1204, I.C. The only part of the section applicable here is paragraph 11: "Silicosis in any occupation involving direct contact with, handling of, or exposure to dust of silicon dioxide. ($SiO_2$)." In Sec. 72–1215, I.C., silicosis is defined as meaning "the characteristic fibrotic condition of the lungs caused by the inhalation of silicon dioxide ($SiO_2$) dust."

Claimant pursued his claimed right for compensation on the theory of an accident; also occupational disease, namely silicosis, complicated by tuberculosis, arising out of an accident, and under the accident theory of recovery states the case as follows: "* * * the problem narrows down specifically to whether tuberculosis in this case was accidental and thus falls within the provisions of Sec. 72–201 I.C."

There is no showing of when, where or how claimant contracted tuberculosis; whether it developed on the job or elsewhere, no one can say. Tuberculosis was not noticeable or detected until on or after July 12, 1948.

Under Sec. 72–1219 and 72–1220, I. C. (silicosis disability), before a claimant can recover compensation, it is necessary for him to prove one of two things: first, that he is totally disabled from uncomplicated silicosis; or second, that he is so disabled as a result of silicosis complicated by tuberculosis of the lungs, and that silicosis was an essential factor in causing such disability.

In the case before us no testimony was offered to show silicosis in any degree whatsoever.

In reviewing the evidence, the Board found: "With respect to silicosis, the physicians with varying degrees of positiveness were practically unanimous that in this case there was no manifesta-

98

tion in claimant's lungs at any time. The showing was not fibrotic, but infectuous of the pneumonic type". This conclusion was based on substantial, competent, positive evidence, and cannot be reviewed on appeal.

▆ The condition of tuberculosis complained of could not be the result of silicosis, as none was shown to exist. Evidence of silicosis was entirely lacking.

Hence we conclude that silicosis was not an essential factor in causing claimant's disability.

The Board found that the claimant was not disabled as the result of an accident arising out of and in the course of his employment. This finding is assigned as error, and to support appellant's contention, he cites Beaver v. Morrison-Knudsen Co., 55 Idaho 275, 41 P.2d 605, 97 A.L.R. 1399, and Dobbs v. Bureau of Highways, State of Idaho, 63 Idaho 290, 120 P.2d 263. Both cases differ very materially from the case at bar.

In Beaver v. Morrison-Knudsen Co., supra, the disability complained of was shown to be a revival of latent tubercular conditions due to the employee inhaling silica dust during his period of employment.

In Dobbs v. Bureau of Highways, State of Idaho, supra, the evidence showed that pulmonary tuberculosis was brought about by the sudden and unexpected action of silica dust, to the breathing of which claimant was exposed. His condition was

diagnosed as "'Silicosis with superimposed Tuberculosis'".

In the case now before us, the Board found that the ventilation available to claimant at the place where he worked was completely adequate, that dust in the air was minimal, that there was no negligence on the part of respondent, and that there was no mishap or fortuitous incident or change in working conditions, constituting an accident, and the Board found that the tubercular condition of the claimant did not arise as the result of an accident.

In addition to finding the ventilation where claimant worked completely adequate, the Board further found an absence of dust, and detailed other precautions taken by the respondent to make the working conditions favorable to the welfare of its employees.

There are prior decisions of this Court that seem to us to be applicable here.

In Sonson v. Arbogast, 60 Idaho 582, 94 P.2d 672, an employee contracted pneumonia because of sudden change in temperature in the place where he was required to work. This Court held that it was not an accident and affirmed the Board in denying compensation.

In Hoffman v. Consumers Water Co., 61 Idaho 226, 99 P.2d 919, typhoid fever allegedly contracted by laborer while cleaning an irrigation ditch containing waste material was held to be not an accidental injury sustained in the course of and aris-

ing out of employment, and this Court again affirmed the Board in denying compensation.

Again, in Moulton v. Gregor Mines, 70 Idaho 329, 217 P.2d 860, bronchial pneumonia contracted during the course of employee's employment was held to be non-occupational disease and not compensable.

Tuberculosis is not by the statute above referred to, Sec. 72–1204 I.C., declared to be an occupational disease.

We conclude that tuberculosis suffered by the employee under the conditions presented is not a compensable disability, under either the Workmen's Compensation Law, or the Occupational Disease Law. Hence the order appealed from is affirmed.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.