(No. 6872.   October 14, 1941)

FRED BOWER, Appellant, v. W. J. Smith & E. H. SMITH, doing business as TRIANGLE CONSTRUCTION COMPANY, and STATE INSURANCE FUND, Respondents.

(118 Pac. (2d) 737)

Rehearing denied November 24, 1941.

Dale Clemons and Walter L. Budge, for Appellant.

Clarence L. Hillman, for Respondents.

HOLDEN, J.—May 15, 1937, and for several years prior thereto Fred Bower was employed by the Triangle Construction Company as superintendent of construction. On that date while inspecting a caterpillar tractor he fell backwards from the upper deck landing on his left side on the shoulder of the road. Thereafter and on or about July 10, 1937, appellant, while in charge of construction operations for this company, crawled under a truck to inspect a portion thereof and while crawling out raised suddenly before clearing it and struck his back in the region of the left kidney on some protruding part of the truck. He lost weight and vitality from May 15, 1937, to November 10, 1937, at which time he weighed approximately 145 pounds. On the latter date he entered St. Luke's hospital. December 13, 1937, his left kidney was removed and his condition diagosed as a systic adeno carcinoma of the left kidney. It appears the left kidney had a malignant carcinoma at the time these accidents occurred and that this condition was accelerated and aggravated by the injuries so sustained. March 17, 1938, appellant filed a petition claiming compensation for such injuries, no agreement therefor having been reached as provided by Section 43-1402, I. C. A. Upon the hearing of the petition witnesses were sworn and examined and documentary evidence introduced and the cause submitted to the board for decision. February 15, 1939, the board awarded appellant compensation at the rate of $13.10 per week from November 10, 1937, to March 31, 1938, inclusive, and the additional sum of $842.33 for medical,

hospital, drugs, anesthetic and nursing expenses, from which award appellant did not appeal. Sometime thereafter, to-wit, April 4, 1940, claimant filed an application for a review of the award made February 15, 1939. In such application appellant based his right to compensation upon the ground that "the award insofar as it fails to grant claimant compensation for his permanent injury, to-wit: the loss of the left kidney, is in law a fraud upon the claimant in that it deprived him of the benefits and compensation to which he is entitled to have and receive from the defendants for his permanent injury as provided by the Workmen's Compensation Law." July 22, 1940, respondent filed an "amended application on review" wherein he alleged "that subsequent to February 15, 1939, claimant's condition on account of said accidental injury sustained by him has become worse and that claimant is entitled to an award increasing the compensation heretofore awarded him on the grounds that claimant's condition has changed for the worse." A hearing was had September 18, 1940. September 19, 1940, the board made the finding of fact "that the claimant's condition is now substantially the same as it was on the 15th day of February, 1939, and that there has been no change in his condition since that date," and the conclusion of law "that the claimant Fred Bower is not entitled to a modification of the award made herein on February 15, 1939; that an order should be made, given, filed and entered herein accordingly," on which the board entered the following order: "Wherefore, it is ordered and this does order that the claimant Fred Bower take nothing by these proceedings and that his application for modification of said award be and the same hereby is denied and dismissed," from which claimant appeals.

The first question presented for decision is: Where a claim for compensation has been litigated and an award has been made by the Industrial Accident Board, and the time for an appeal therefrom has expired, may a claimant reopen the matter on an application for a review of the award upon the ground the award constitutes a fraud "in law" in that he was not awarded as much compensation as he now claims, to-wit, compensation equivalent

to that allowed for the loss of an arm at the shoulder? At the outset of a discussion of this question it must be kept in mind the statute (Section 43-1113, I. C. A.) does not specifically fix the amount of compensation to be allowed for the loss of a kidney, nor does it specifically provide the loss of a kidney shall be equivalent to the loss of an arm at the shoulder. Hence, whether, in any given case, the loss of a kidney is equivalent to the loss of an arm at the shoulder must depend upon the evidence submitted on that question. On the hearing of his first application, filed March 17, 1938, appellant had full opportunity to present his proof on that question because his kidney was removed several months prior thereto. If, upon the hearing of his first application, appellant established the fact by a preponderance of the evidence that he sustained injuries equivalent to the loss of an arm at the shoulder, and the board failed, as it did, to award the compensation to which such proof would entitle him, and appellant felt aggrieved thereby, he had his remedy by appeal. On the other hand, if appellant failed to prove by a preponderance of the evidence he had suffered injuries comparable to the loss of an arm at the shoulder, then, and in that case, he was not entitled to an award of compensation equivalent to that allowed for the loss of an arm at the shoulder. The decision and award of the board made and entered February 15, 1939, is *res judicata* as to the amount of compensation to which appellant was entitled at that time, as well as to all connected questions which could or should have been raised in such proceeding. *King v. Richardson*, 54 Idaho 420, 421, 422, 33 P. (2d) 1070. Moreover, the mere failure of the board to award appellant compensation equivalent to that allowed for the loss of an arm at the shoulder could not in and of itself, constitute fraud "in law" as contended by him because, and as hereinbefore pointed out, whether appellant was entitled to that compensation would necessarily depend upon the evidence. And furthermore, in *Hamlin v. University of Idaho*, 61 Idaho 570, 573, 574, 104 P. (2d) 625, an industrial accident case, we held that where the Industrial Accident Board has jurisdiction of the subject matter and of the parties, as in

the case at bar, it has jurisdiction to commit error, applying to awards of industrial accident boards the rule applicable to nisi prius courts.

To permit appellant to reopen this case would subject to attack every award and decision of the board heretofore rendered and thus create great confusion and uncertainty in that there never could be any finality to the awards and decisions of the Industrial Accident Board. As this court held in *Zapantis v. Central Mining and Milling Co.*, 61 Idaho 660, 669, 106 P. (2d) 113, where the identical question under discussion was presented, "There must be an end to litigation." (To the same effect: *Fackenthall v. Eggers Pole & Supply Co.*, 62 Idaho 46, 108 P. (2d) 300, 302.)

The second question presented on this appeal is: Did the board err in finding "that claimant's condition is now substantially the same as it was on the 15th day of February, 1939, and that there has been no change in his condition since that time"? On the trial of the second application, September 18, 1940, appellant testified:

"Q. Mr. Bower, what work are you doing at this time?
A. I am superintendent of roads for Ada County.
Q. Now, Mr. Bower, relative to your physical condition, are you suffering any distress or ailments at this time?
A. No." (f. 6)

* * * * * * * * *

"Q. You say you have discomfort in the right part of your abdomen?
"A. Well, that is the most. There is a little in both sides but I think that is due to the fact that the feeling hasn't come back in there yet or hasn't got correct yet. It just feels a little bit funny.
Q. It has never returned since you were operated on?
A. No." (ff. 16-17)

And in addition to that evidence supporting the findings of the board there is the testimony of Dr. F. A. Pittinger and Dr. Quentin W. Mack, as well as other facts and circumstances.

While the record shows that following the first acci-

dent May 15, 1938, appellant's weight fell to 145 pounds, it further shows without dispute that on the trial of the second application for compensation due to an alleged change of condition, appellant had been fully restored to his former weight, to-wit, 185 pounds.

As we pointed out in *O'Niel. v. Madison Lumber and Mill Co.*, 61 Idaho 546, 551, 105 P. (2d) 194,

"The 1937 session of the legislature (Sess. Laws 1937, chap. 175, p. 288) amended sections 43-1408, 43-1409 and 43-1413, I. C. A. In addition to providing an appeal could be prosecuted from a final order or award of the Industrial Accident Board direct to this court, it provided that: 'Upon hearing [on appeal] the court may affirm or set aside such order or award but may set it aside only upon the following grounds, and shall not set the same aside on any other or different grounds, to-wit:

(a) That the findings of fact are not based on any substantial, competent evidence.

(b) . . . . . . .

(c) . . . . . . .

(d) . . . . . . . , ' "

This court is firmly committed to the rule that where, as in the instant case, the findings of the board are supported by substantial, competent evidence, the same will not be disturbed. *O'Niel v. Madison Lumber and Mill Co., supra; Knight v. Younkin,* 61 Idaho 612, 621, 105 P. (2d) 456, 459; *Golay v. Stoddard,* 60 Idaho 168, 89 P. (2d) 1002; *Potter v. Realty Trust Co.,* 60 Idaho 281, 90 P. (2d) 699; *Rand v. Lafferty Transportation Co.,* 60 Idaho 507, 92 P. (2d) 786; *Brink v. H. Earl Clack Co.,* 60 Idaho 730, 96 P. (2d) 500; *Totten v. Long Lake Lumber Co.,* 61 Idaho 74, 97 P. (2d) 596.

The order of the Industrial Accident Board must be, and hereby is, affirmed. Costs awarded to respondents.

GIVENS, P.J., AILSHIE, J., and BUCKNER, D.J., concur.

MORGAN, J., concurring.—I concur in the affirmance of the order of the industrial accident board, but am not in accord with the following portion of the opinion:

"To permit appellant to reopen this case would subject to attack every award and decision of the board heretofore rendered and thus create great confusion and uncertainty in that there never could be any finality to the awards and decisions of the Industrial Accident Board."

Appellant has been accorded due process of law in this case. If he had not had due process of law, the effect of a decision on other cases, protecting him in his constitutional rights, should not, and would not, justify a denial of relief to him.

BUDGE, C.J., deeming himself disqualified, did not sit at the hearing or participate in the decision.