(No. 6999. July 7, 1942.)

JAY BARKER, Appellant, v. THE RUSSELL & PUGH LUMBER COMPANY, ART ST. CLAIR, STATE INSURANCE FUND, WESTERN HOSPITAL ASSOCIATION, DR. C. A. ROBINS and the NATIONAL SURETY CORPORATION OF NEW YORK CITY, Respondents.

[127 Pac. (2d) 772.]

J. Ward Arney for appellant.

Whitla & Knudson for Russell & Pugh Lumber Company, and Frank L. Benson for State Insurance Fund, respondents.

Paul C. Keeton for Art St. Clair, and Wm. D. Keeton for Western Hospital Association, Dr. C. A. Robins, and National Surety Corporation of New York, respondents.

MORGAN, J.—June 14, 1940, appellant was injured by a saw log falling on him from a truck, which he was loading. He alleges the accident arose out of and in the course of his employment by Russell & Pugh Lumber Company, a corporation, and Art St. Clair. The state insurance fund has been made a party to the proceeding because it was surety, for the lumber company, against industrial accident liability. Immediately after the accident appellant was taken to Western Hospital Association's hospital at St. Maries, Idaho, and was there examined by Dr. C. A. Robins. Appellant alleges that respondent, lumber company, had a hospital contract with the hospital association and Dr. Robins and that the surety on their bond, for the faithful performance of the contract, was National Surety Corporation of New York City. The hospital association, the doctor and their surety have been made parties to the proceeding on the theory that the doctor and the association failed to furnish appellant hospitalization and reasonable medical and surgical attendance and treatment for his injuries, whereby it became necessary for him to, and he did, procure other such hospitalization, attendance and treatment, the expense of which he seeks to recover, together with compensation for his injuries.

The question which is controlling in this case is as to whether appellant was an employee of Russell & Pugh Lumber Company and St. Clair when the accident which resulted in his injury occurred, or whether he was an independent contractor. The industrial accident board found he was not an employee, but was an independent contractor, and entered an order denying his claim for compensation and dismissing the proceeding. This appeal is from the order.

On that question there is a direct conflict in the evidence. Appellant testified to having a conversation with Walter Russell, president of Russell & Pugh Lumber Company, where in Russell told him the company was short of logs and for him to do the best he could to get some as soon as possible. He further testified the logs were to be taken from the Addy place and were to be unloaded at the lift in the bridge at Harrison; that they were going to the Russell & Pugh mill. He testified with respect to the amount he was to be paid:

"We had an agreement on a certain amount. * * * If I remember right, it was $3.00 a thousand for hauling the logs from the woods to the lift. * * * I think eleven miles.

"* * *

"Q. And what did he say about who was to pay you?

"A. He told me he was to pay me."

Walter Russell testified he did not employ appellant to haul the logs. He further testified:

"Q. State how you come to get those logs or where you got them, or whom you got them from?

"A. Mr. St. Clair told me Mr. Addy had some stumpage, or cut over land, and that there was some timber that would make saw logs, and wanted to know if we would take the logs. A number of times later he approached me on the subject and finally, in the spring of 1940, I believe it was, I told him that the logs were scarce and that if he could get them in soon we would be glad to take them.

"Q. Did you quote him a price on the logs?

"A. I told him what they would be worth.

"* * *

"Q. How much were you paying?

"A. As I remember, $8.00 per thousand.

"Q. And did you have anything to do with the cutting and hauling of the logs before they reached your boom?

"A. I did not.

"Q. Had Russell & Pugh Company anything to do with it before?"

Mr. Keeton: "I object, calls for a conclusion of the witness."

Mr. Whitla: "I mean the actual work of putting them in.

"A. They did not."

Ethan Addy testified he sold the logs to St. Clair for $2.00 a thousand, on the stump; that he did not talk to Russell & Pugh before he closed the deal with St. Clair, or let the logs go off the place.

Art St. Clair testified he went to see Addy about the logs and agreed on $2.00 a thousand; that before he saw Addy he had talked to Russell about selling them to Russell & Pugh Lumber Company. With respect to hauling the logs, St. Clair testified:

"Q. Do you recall arranging with Mr. Barker to haul the logs?

"A. Yes, I arranged with him.

"Q. Where did you make the arrangements?

"A. At Harrison.

"* * *

"Q. And what arrangements did you make with Mr. Barker?

"A. To haul the logs at $3.00 a thousand."

He further testified:

"Q. How were you paid for putting those logs in?

"A. I was paid by the thousand.

"Q. By whom?

"A. Russell & Pugh."

[I] By an amendment of art. V, sec. 9, of the constitution of Idaho, ratified at the general election held November 3, 1936, a direct appeal was provided for from orders of the industrial accident board to the supreme court, and on such appeals the jurisdiction of the court was limited to questions of law. (Idaho Sess. L., 1937, p. 498.) Therefore, findings of fact, by the industrial accident board, when supported by substantial, competent evidence, will not be

disturbed on appeal. (*Paull v. Preston Theatres Corporation*, 63 Ida. 594, 124 Pac. (2d) 562; *Aranguena v. Triumph Mining Co.*, 63 Ida. 769, 126 Pac. (2d) 17.) The evidence in support of the finding of the board that appellant was an independent contractor and not an employee is sufficient to sustain it.

[II] Appellant, being an independent contractor, is not an employee within the meaning of the workmen's compensation law and is not entitled to compensation therein provided for, for injuries arising out of and in the course of the performance of his contract. (*Chapin v. Scott*, 44 Ida. 566, 260 Pac. 172; *Horst v. Southern Idaho Oil Co.*, 49 Ida. 58, 286 Pac. 369.)

The order appealed from is affirmed. Costs are awarded to respondents.

Givens, C. J., and Budge and Holden, JJ., concur.

Ailshie, J., dissents.