(No. 7204.   December 23, 1944.)

RAY R. HAGADONE, Appellant, v. E. A. KIRKPATRICK, doing business as Post Falls Lumber & Manufacturing Company, and UNEMPLOYMENT COMPENSATION DIVISION, Respondents.

[154 Pac. (2d) 181.]

Ray R. Hagadone, pro se, did not file brief.

Bert H. Miller, Attorney General, and Thos. Y. Gwilliam, Assistant Attorney General, for respondent, Unemployment Compensation Division.

BUDGE, J.—Appellant claims unemployment compen-

sation benefits under the Unemployment Compensation Law. Briefly stated, the facts are as follows:

Appellant, who is sixty years of age, resides in Coeur d'Alene, and for approximately 27 years was employed as a band-saw filer by the Post Falls Lumber & Manufacturing Company. In November, 1943, the company discontinued operations for the season. Appellant applied at the employment service office in his district, as required by law, and was offered two jobs, both at Farragut, one was firing a boiler at 88 cents an hour, and the other was common labor at 80 cents an hour. He had received as wages as a band-saw filer $2.02½ an hour while employed by the Post Falls Lumber & Manufacturing Company. Neither of the jobs offered him at Farragut was investigated by him. Claimant testified his physical condition was such he could not accept these jobs. "Work in the warm all day and wait for transportation in the cold. Sometimes you have to wait an hour."

The senior claims examiner, for the Unemployment Compensation Division, in what is designated in the record as Ineligible Determination, as grounds for denying appellant's claim, states: "Unavailable for work. Claimant is holding self available for only one job which he knows cannot be had for many months. Too much restriction." Appellant, being dissatisfied with the examiner's holding, appealed to the Industrial Accident Board. A hearing was had before two members of the board, who later made findings of fact, rulings of law, and an order.

If we understand the findings of fact and rulings of law of the board, they are to the effect that appellant's claim should be denied and the cause dismissed for his failure to accept suitable work, that required no special skill, and could be performed by claimant. In its rulings of law the board used the following language: "That an order should be made affirming the decision of the claims examiner finding the claimant has refused suitable work from and after December 11, 1943; that an order should be made, filed and entered herein accordingly."

It is suggested in respondent's brief, and properly so, that the cause should be returned to the board with instructions to make findings in harmony with the Unemployment Compensation Law. The holding of the examiner

and the findings, rulings of law and order of the board are conflicting, uncertain and ambiguous.

There is another reason why the case should be returned to the board. There is no evidence that claimant could not have returned to his former job, or when he could return, or that other jobs of band-saw filing were not available within a reasonable distance from his home, or that other employment such as claimant could have performed was not available.

The fact that claimant refused the two jobs above referred to would not necessarily render him ineligible or unavailable for work in the absence of a more thorough investigation on the part of the board.

As was said in *Feuling v. Farmers' Co-op. Ditch Company*, 54 Ida. 326, 334, 31 P. (2d) 683, 686:
"It may not be amiss to call the particular attention of the Industrial Accident Board to the fact that it is a fact finding and administrative body; that whenever a claim is properly presented to it for investigation and determination, that the statute expressly provides, section 43-1404, I.C.A.: 'The board, or the member of the board to whom the matter has been assigned, shall make such inquiries and investigations as shall be deemed necessary * * *' Strict rules of procedure are not required and the board shall so conduct its duties as to promote justice * * *. When a claimant has failed or overlooked submitting evidence to establish the amount of compensation to which he is entitled, * * * then it is the duty of the board to call attention to such failure and see to it that whatever evidence is available to establish such fact is presented, and then make the necessary findings of fact."

Where unsatisfactory evidence is furnished by a party claiming unemployment compensation benefits the same rule applies as in workmen's compensation cases. That is, the board should make further and individual investigation and, to that end, may subpoena and examine other witnesses than those furnished by claimant.

Under the facts and circumstances of the case at bar, the board should have more exhaustively inquired into the situation for the purpose of determining whether or not suitable employment of a like or suitable kind as claimant

had theretofore performed, with like or similar wages and hours was obtainable, and of such a nature that claimant could have performed due to his age and alleged physical condition and without exposure to the cold. In other words, the board was not justified, in view of the limited investigation touching claimant's availability for work, in denying his claim and dismissing his application based solely on the ground that the referral jobs offered had not been accepted.

The Unemployment Compensation Law must be liberally construed to the end that its purposes be accomplished. Availability for work requires no more than availability for suitable work which the claimant has no good cause for refusing.

The order of the board is reversed and the cause is remanded with instructions to make further and additional investigation and examination upon which to base its order; to take additional evidence, make further findings in harmony with the views herein expressed, and particularly as to whether or not claimant was willing to accept any suitable work other than that particular work he had been accustomed to perform. No costs allowed.

Holden, C. J., and Givens and Dunlap, J. J., concur.

Ailshie, J., did not sit at the hearing and took no part in the decision in this case.