264 P.2d 684

**SMITH**

v.

**POTLATCH FORESTS, Inc. et al.**

No. 7920.

Supreme Court of Idaho.

Dec. 14, 1953.

Leslie T. McCarthy, Paul C. Keeton, Lewiston, for appellant.

Elder & Elder, Sidney E. Smith, Coeur d'Alene, for respondents.

TAYLOR, Justice.

On Friday, December 7, 1951, the deceased, Hubert Smith, in the course of his employment by the respondent, Potlatch Forests, Inc., received a burn on his neck over the "Adam's Apple". The burn was the result of an accident in which decedent's neck came in contact with a hot steam pipe. Smith continued his work the rest of the day, was off the job on Saturday and Sunday following. He returned to work Monday, was taken ill at the lunch hour, and went to the hospital where he died about 11:15 p.m. the next day, Tuesday, December 11th. The attending physician who executed the death certificate diagnosed the cause of death as "bulbar type polio".

The remains were later exhumed and an autopsy was performed by Dr. O. O. Christianson, pathologist, of Spokane, Washington, on February 9, 1952.

The sole issue presented to the industrial accident board was as to whether the accident and the resultant burn had any causal connection with the death. That is the only question urged on this appeal.

Various lay witnesses testified as to symptoms observed by them during the brief ill-

ness of the deceased. Dr. Christianson, who performed the autopsy, testified that he made a complete examination of the various parts and organs of the body, and expressed his opinion that the burn on the neck and the infection which he found in that area to a depth of five-eighths inch was the most important sympton. In his words, "The outstanding finding in my opinion was the infection in the neck and the presence of the bacteria, including being present inside the leukocytes, and the absence of the finding of any other specifically concrete cause of death." Asked if he found any evidence of bulbar type polio he answered, "There was absolutely none." Then in response to a hypothetical question he gave it as his opinion that there was "a direct causal relation between this accident and the death of the patient."

Dr. John E. Braddock, one of the physicians who attended the deceased at the hospital, gave his opinion that the burn was not the cause of death, but was merely coincidental. Dr. J. E. Baldeck, the attending physician, made the diagnosis of bulbar polio, and testified that after an examination by him of the findings of Dr. Christianson, he had not changed his opinion. He was still of the opinion that the cause of death was bulbar type polio, and that the burn was incidental. He described it as a first degree burn.

Dr. Oliver M. Mackey, Jr., who saw Smith once at the hospital, and had reviewed the history, clinical and laboratory reports, gave as his opinion, the most likely cause of death was bulbar poliomyelitis.

Dr. Joseph Beeman, a pathologist of Boise, after examining the pathological findings of Dr. Christianson, described the findings as negative—that is, that the findings do not reveal the cause of death. In response to a hypothetical question he gave his opinion that there was no causal relationship between the injury and death.

The board concluded as follows:

" * * *  the board finds and rules that among the possible causes of the death of Hubert Smith, the most probable was bulbar polio.

"The claimant failed to prove by a preponderance of evidence a causal relation between decedent's accident and his death."

■ There is a considerable volume of testimony which we do not set out. Our quest goes only to the extent of determining whether or not there is competent and substantial evidence to support the findings of the board. Beyond that we may not go. Constitution, Art. 5, § 9; §§ 72–608 and 72–609, I.C. As we have so often stated, it is a question of law for the court to determine whether or not the findings of the industrial accident board are "based on any substantial, competent evidnce". And if an examination of the record reveals that the board's findings are supported by substantial and competent evidence, such findings will not be disturbed by this court. Stros–

cheim v. Shay, 63 Idaho 360, 120 P.2d 267; Paull v. Preston Theatres Corp., 63 Idaho 594, 124 P.2d 562; Kaonis v. Ohio Match Co., 64 Idaho 89, 127 P.2d 776; Benson v. Jarvis, 64 Idaho 107, 127 P.2d 784; Wade v. Pacific Coast Elev. Co., 64 Idaho 176, 129 P.2d 894; Walker v. Hogue, 67 Idaho 484, 185 P.2d 708; Warlick v. Driscoll, 68 Idaho 552, 200 P.2d 1014; Oliver v. Potlatch Forests, Inc., 73 Idaho 45, 245 P.2d 775.

The foregoing recital of the conclusions of the medical experts indicates that the findings of the board in this case are supported by substantial, competent evidence and the award based thereon denying compensation is, therefore, affirmed.

Costs to respondents.

PORTER, C. J., and THOMAS and GIVENS, JJ., and GRAF, D. J., concur.