295 P.2d 256

Louise TURNER, Claimant-Appellant,

v.

BOISE LODGE NO. 310, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, and the Employment Security Agency of the State of Idaho, Defendants-Respondents.

No. 8390.

Supreme Court of Idaho.

March 23, 1956.

466

· Graydon W. Smith, Atty. Gen., John W. Gunn, Asst. Atty. Gen., for respondents.

Frank Langley, Boise, for appellant.

ANDERSON, Justice.

For approximately 25 years, Mrs. Louise Turner, claimant-appellant, was employed as a chambermaid by Boise Lodge No. 310, Benevolent and Protective Order of Elks. July 13, 1954, the lodge wrote claimant a letter discontinuing her services as of July 15, 1954, but keeping her on the active payroll until August 1, and thereafter on vacation pay until August 15, 1954.

The employer stated the reason claimant was relieved of her duties was that she was unable to do her work. During the last few months of her employment she had become absent-minded, and was not strong enough to do her work; she had developed a heart condition that forced her to lie down during

the working time. For several years she took care of 25 rooms, but the last few years she was assisted by another woman who took care of nine of these rooms. At the time of the termination of her services, she was 75 years of age.

She applied for unemployment security benefits, and commencing July 18, 1954, was paid a complete benefit series, amounting to $312. July 7, 1955, she renewed her claim for unemployment benefit payments, as she had no work since her employment at the lodge, other than an occasional baby-sitting job.

During the first year that claimant received benefit payments, the evidence indicates she sought work only to a very limited extent. She made a few telephone calls to motels, asking for work, and inquired at the Idan-ha Hotel, but she did not personally contact any other prospective employer during this time, giving as her reason for not doing so that she had no car or other means of transportation.

In due course, her claim was denied by a claims examiner, a determinations examiner, and, after a hearing August 29, 1955, by the appeals examiner, on the ground of claimant's ineligibility.

During the second benefit year, claimant personally contacted three hotels, two stores and a motel, seeking employment as a chambermaid or a janitor, without success.

October 6, 1955, she obtained a certificate from Stewart S. Merrill, M. D., that he "found her physically able to carry on the type of work that she has been doing, namely that of a housemaid." The exhibits contain a certificate dated August 2, 1955, from another doctor, to the effect that he was not able to evaluate her physical condition or ability to work, as claimant had not been seen in his office since June, 1954.

A hearing was held before two members of the Industrial Accident Board on appellant's claim for review, at which testimony was taken and documentary evidence admitted. The Board ruled that claimant did not meet the eligibility requirements of I.C. § 72–1366(e) of the Employment Security Law.

Appellant assigns as error the fact that all three members of the Industrial Accident Board joined in making and entering the findings of fact, rulings of law, and order in this case, while only two participated in the hearing. She relies upon the case of Phipps v. Boise Street Car Co., 61 Idaho 740, 107 P.2d 148, in support of her position. That case is distinguishable from the present one in that no witness testified before the Board in the Phipps case, and the matter was submitted on the record then existing, supplemented by written briefs. In this case, oral testimony was taken, so the Board was in a better position to pass on it than this Court. The Court in the Phipps case stated at page 748 of 61 Idaho, at page 151 of 107 P.2d:

" * * * Hence, unless the Board *or a majority thereof* hears and sees the

witness testify (the procedure fixed by the Workmen's Compensation Law), its findings are not * * * conclusive on this court nor so intended to be by the people." (Emphasis added.)

The Board's action in the case now before us was in conformity with I.C. § 72–503, and we find no error in appellant's assignment in this regard.

██ Appellant assigns as error the Board's findings that she was not a part of the labor market, and was not able to work and available for suitable work, nor was she actively seeking employment. The burden of proving that she was eligible for unemployment benefits under I.C. § 72–1301 et seq. was upon claimant. Wolfgram v. Employment Sec. Agency, 75 Idaho 389, 393, 272 P.2d 699.

Idaho Code, § 72–1366, among other things, provides:

"The personal eligibility conditions of a benefit claimant are that—

* * * * * *

"(e) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work * * *."

From the above it is clear that claimant must be (1) able to work, (2) available for suitable work, and (3) seeking work, the last requirement having been added by a 1947 amendment to the Act, which was after the case of Hagadone v. Kirkpatrick, 1944, 66 Idaho 55, 154 P.2d 181, relied on by appellant. The amendment did not change elements 1 and 2 for determining eligibility for benefits, but merely added a third element.

██ ██ It is true appellant's age alone does not disclose that she is unable to work; but her age is one of the facts and circumstances that may be considered with the many others in determining whether or not she is able to work. The Employment Security program has as its purpose the providing of temporary benefits for the unemployed worker who qualifies under the provisions of the Act. Claimant is receiving old age benefits under the Social Security program. This part of the Social Security program is primarily designed for persons who are no longer in the labor market. This does not mean that a person drawing old age benefits is disqualified from drawing unemployment benefits.

██ ██ The record discloses substantial, competent evidence—although conflicting—to support the Board's finding that claimant was not able to work. The condition of claimant's health and her ability to work are questions of fact for the Board, and its findings will not be disturbed on review when supported by substantial, competent evidence. Wolfgram v. Employment Sec. Agency, 77 Idaho 298, 291 P.2d 279, 282; Idaho Constitution Article 5, section 9; I.C. § 72–1368(i).

In view of our holding that the Board was warranted in finding that claimant was not able to work and not entitled to benefit payments, we deem it unnecessary to discuss the other elements relative to claimant's eligibility.

The order of the Board is therefore affirmed.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.