300 P.2d 507

James Leroy BREWSTER, Claimant-Appellant,

v.

David N. McCOMB and Merle F. Brewster, co-partners, d/b/a B & B Contractors, Employer,

and

Liberty National Insurance Company, Surety, Defendants-Respondents.

No. 8354.

Supreme Court of Idaho.

July 16, 1956.

Carver, McClenahan & Greenfield, George A. Greenfield, Boise, for appellant.

Philip E. Dolan, Coeur d'Alene, for respondents.

KEETON, Justice.

Defendants David N. McComb and Merle F. Brewster are co-partners, doing business as B & B Contractors, engaged in hauling logs. Liberty National Insurance Company was at all times pertinent here the surety of the co-partnership covering liability of the partnership to its employees under the Workmen's Compensation Law.

James Leroy Brewster, unmarried, claimant and appellant, is the nineteen year old son of Merle F. Brewster, one of the partners. On May 10, 1955, while hauling logs with a truck owned by his father, claimant received a personal injury caused by an accident arising out of and in the course of his then employment. He made claim for compensation against B & B Contractors and its insurance carrier. The Industrial Accident Board, at the conclusion of a hearing, found that the partnership B & B Contractors was not claimant's direct employer at the time of the injury, but that his father was, in whose household claimant was dwelling both at the time of the employment and the injury; that such employment is not covered by the Workmen's Compensation Law and his injury is not compensable. Claimant appealed from an order denying compensation.

Claimant contends that the Board erred in finding that he was an employee of his father, and in failing to find that he was an employee of B & B Contractors at the time of the accident causing the injury; in concluding that employment by a partnership, of a member of the family of one of the partners residing with him, is not covered employment; and in finding that the partnership was merely the "statutory" employer.

Claimant states the issue as follows:

"The issue in this case is principally concerned with the employment status

of claimant at the time of his injury. Claimant asserts he was an employee of the B & B Contractors, a partnership."

and further:

"The material question presented is whether claimant's employment was exempt from workmen's compensation coverage under 72–105(6), Idaho Code, because of his relationship to his father and the fact that he lived in the family home."

The Workmen's Compensation Act, § 72–105a, I.C., 1951 S.L. Ch. 233, p. 470, exempts certain employment from the terms of the Act, and provides:

"None of the provisions of this act shall apply to the following employments, unless coverage thereof is elected as provided in section 72–105b:

\* \* \* \* \* \*

"6. Employment of members of employer's family dwelling in his household."

The parties admitted that claimant at the time of the injury was dwelling in the household of his father.

The pertinent facts are hereinafter stated. One Howard H. Altman, an independent contractor, had a contract to haul logs from land owned by one Harry Stuivenga. On May 5, 1955, Altman subcontracted with B & B Contractors to do a part of the hauling. Stuivenga authorized the lumber company receiving the logs to pay Altman for the work. Altman in turn paid B & B Contractors for the logs hauled under the subcontract. The circumstances under which claimant hauled the logs by use of a truck owned by his father, a member of the partnership, were described by the partner McComb, who testified:

"We had been shut down on account of the spring breakup, and Howard [meaning Altman] came by and contacted me one day \* \* \* and asked if we could haul some logs for him \* \* \*. One of our trucks wasn't quite ready to go. \* \* \* and he came back the next day and said he wanted us to haul logs. He wanted to use both trucks, the one that belongs to B & B Contractors and one that belongs to Merle Brewster, [one of the partners] so we arranged to haul logs for a few days for him until we got going on our own job."

The one truck owned by the partnership and the one privately owned by Merle F. Brewster, father of claimant, began the hauling of logs May 7, 1955. Claimant was hired by his father to drive his truck.

The Board found:

"Merle F. Brewster did not conduct all of his trucking and hauling operations as a partner in B & B Contractors. He owned as his own personal property a truck and operated it as 'a separate business.' The earnings from

it are separate from the partnership business, as are also the expenses of the truck's operation, but as a matter of convenience the items are 'run through' the books of the B & B Contractors."

This finding is supported by the testimony of defendant Brewster, who testified that the truck his son was driving when the accident occurred was a separate business, and that its earnings were separate; the expenses of the truck's operation were also separate; that the truck had been used as a separate business of defendant Brewster on several other occasions. The Board found that the partner Brewster did most of his personal trucking as a gypo (a small contractor doing a part of a larger job) for B & B Contractors, but sometimes took jobs with others.

The partner McComb testified:

"Q. The truck James Brewster was driving was owned by Merle Brewster personally? A. Yes.

"Q. Did the proceeds from that truck go into B & B Contractors' account? A. Well, we have always, when we are on a logging job and this truck is working for us, we get the money and Merle Brewster is paid just the same as any of the other gypos on the job, and we have always handled his payroll because he isn't set up for social security and so on.

"Q. Actually the driving of the truck—James Brewster driving his father's truck, that was not actually for B & B Contractors, but he was working for Merle Brewster, isn't that right? A. Well, I had better not say that,—I don't know.

"Q. Would you have paid him out of B & B Contractor's funds when B & B didn't receive the profits from the truck?

* * * A. I don't know what the thing boils down to."

further:

"A. We paid him [defendant Brewster] just the same as we paid any gypos that happened to be working for us. * * * We handled the payroll, so they would be covered for compensation."

"Q. But Mr. Brewster didn't have to send his truck out if he didn't want to,—in other words, that was his own personal property and he would be paid personally for it, would he? A. In the end, yes, just the same as any other gypo who happened to be working for us. They can take a job if they choose."

The Board also found:

" * * * he [claimant] had been hired by his father to drive the latter's individual truck and his wages were

· charged or chargeable to his father's account as a gypo, as were the other expenses of the gypo's operations. After the gypo's disbursement on account of all expenses of operation, the gypo is entitled to the net profits, if any. B & B Contractors did not share the profits (or the losses), if any, of Merle Brewster's separate operation as a gypo. However, the partnership was remunerated for acting as a gypo's fiscal agent and bookkeeper. It charged the gypo a percentage of the gross earnings of the truck operation."

It thusly appears that one of the partners, Merle F. Brewster, was an independent contractor; that he was engaged in an undertaking for pecuniary gain separate from the business of the partnership and that at the time of the injury claimant was an employee of his father.

The Board concluded that due to the fact that the partnership was not the employer, and that the father of claimant was the employer, the employment by his father while claimant was domiciled in his father's home was not covered by the Workmen's Compensation Act; that the statutory employer (the partnership) is not liable unless the direct employer is liable under the law.

Sec. 72-811, I.C. provides:

"An employer subject to the provisions of this act, shall be liable for compensation to an employee of a contractor or subcontractor under him or who has not complied with the provisions of section 72-801 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from the contractor or subcontractor for whom the employee was working at the time of the accident. This section shall be in force as to all contracts made subsequent to March 15, 1921."

The subcontractor Brewster did not carry workmen's compensation insurance and he is not liable to a member of his family dwelling in his house. There being no liability of the direct employer, the principal, for workmen's compensation, there likewise can be no liability of the partnership or its surety. Further, should the partnership, the statutory employer, be held liable for such compensation, under the above statute, Sec. 72-811, I.C., it "may recover the same from the contractor or subcontractor for whom the employee was working at the time of the accident." In other words the partnership, of which the direct employer was a member, could re-

cover from one of the partners. Thusly the partner Brewster, as a member of the partnership, would become a plaintiff and defendant in the same action.

■ There can be no recovery under the Workmen's Compensation Act by an injured person unless the relationship of employer and employee exists, either actually or by statute. Sec. 72–102 and Sec. 72–811, I.C.; Moon v. Ervin, 64 Idaho 464, 133 P. 2d 933; Modlin v. Twin Falls Canal Co., 49 Idaho 199, 286 P. 612.

■ We therefore hold that at the time of the injury complained of claimant was in an exempt classification under the provisions of Sec. 72–105a, I.C.

■ Claimant contends in substance that there was evidence in the record sufficient to warrant the Board in finding that he was a direct employee of the partnership. Suffice to say were we to concede the facts to be in conflict, the determination made by the Board is a finding of fact supported by substantial evidence and cannot by this Court be disturbed. Art. V, Sec. 9, Idaho Constitution; Golay v. Stoddard, 60 Idaho 168, 89 P.2d 1002; Smith v. Sunshine Mining Co., 72 Idaho 8, 236 P.2d 87.

The holding of the Board that even if claimant had been a direct employee of the partnership still no recovery could be had, will not be discussed or decided.

The order appealed from is affirmed. Costs to respondents.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.