332 P.2d 199

**Claim of Paul WALKER for Employment Security Benefits.**

No. 8693.

Supreme Court of Idaho.

Nov. 21, 1958.

Eugene L. Bush, Idaho Falls, for appellant.

Graydon W. Smith, Atty. Gen., John W. Gunn, Asst. Atty. Gen., for respondent.

McQUADE, Justice.

This is an appeal from an order of the Industrial Accident Board, wherein the Board affirmed a decision of the appeals examiner denying a claim for Employment Security benefits. The question presented for determination is whether claimant was available for employment from December 29, 1957, to February 6, 1958.

Claimant Paul Walker had been employed seasonally for three years as a rough carpenter for Lloyd Nash Construc-

tion Company, a concrete construction firm in Idaho Falls, Idaho. The work was seasonal, operations being suspended during the winter months. The claimant was laid off November 22, 1957, during the customary winter shutdown. He filed his initial claim for Employment Security benefits November 27.

Walker then went to New Plymouth, Idaho, where his union referred him to a year-around construction job with Morrison-Knudsen Co., Inc., at Brownlee Dam, approximately 400 miles from Idaho Falls. He went to work at the dam November 29. There was no housing for families at the dam site; construction workers lived in barracks. Walker found the nearest housing for himself, his wife, and five children would be at Weiser, Idaho, a three and one-half hour drive from his job.

Walker returned to Idaho Falls to spend Christmas with his family. When he left late Christmas day to go back to his work, his wife was in a highly nervous state, and one of the children was ill with a high fever which later turned out to be measles. Walker telephoned home from Brownlee a few days later. He found a second child had fallen ill, and his wife urged him to come home to help take care of the children. He asked for a 10-day leave extension from his work, but the employer refused this request. Walker voluntarily quit his job at the dam December 28 and returned to Idaho Falls to be with his family.

The claimant then reopened his claim for Employment Security benefits, stating he had left the Brownlee Dam job because he could not find housing for his family. He remained out of work approximately five weeks. During this interval he made regular inquiries about employment at the Employment Security Agency, and also contacted Lloyd Nash, his former employer. Nash told Walker he would hire the claimant when the weather moderated and construction started again.

Meanwhile, a third child became ill with measles. In all, the three children were sick three to four weeks. They did not require a doctor's attention, but were cared for by their mother. Walker remained at home during this time. When the children had recovered, Walker returned to the dam and was again employed beginning February 6, 1958. He quit without notice March 10 and returned to work for Lloyd Nash Construction Company in Idaho Falls.

A claims examiner denied Walker's application for benefits for the December 29–February 6 interval on the ground the claimant had quit his job at the dam without good cause. Walker requested a redetermination, and benefits were again denied. He then appealed to the Employment Security Agency, giving illness in his family as the ground for leaving his employment.

On the hearing conducted before the appeals examiner, the examiner found Walker

"* * * voluntarily quit suitable employment for good cause but is held to be unavailable for work * * *"

and denied benefits. Walker then sought a review before the Industrial Accident Board. The Board, after a hearing, affirmed the decision of the appeals examiner. This appeal is from that order.

On appeal from orders of the Industrial Accident Board, this Court is limited to a review of questions of law. Idaho Constitution, Article 5, section 9.

█ Findings of the Board will not be disturbed on appeal if they are supported by competent and substantial evidence. Bower v. Smith, 63 Idaho 128, 118 P.2d 737; Stroscheim v. Shay, 63 Idaho 360, 120 P.2d 267; Barker v. Russell & Pugh Lbr. Co., 64 Idaho 45, 127 P.2d 772; Benson v. Jarvis, 64 Idaho 107, 127 P.2d 784; Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723; Jensen v. Bohemian Breweries, Inc., 64 Idaho 679, 135 P.2d 442; In re Smith, 72 Idaho 8, 236 P.2d 87; Shumaker v. Hunter Lease & Gold Hunter Mines, 72 Idaho 173, 238 P.2d 425; Kernaghan v. Sunshine Mining Co., 73 Idaho 106, 245 P.2d 806; Smith v. Potlatch Forests, Inc., 74 Idaho 470, 264 P.2d 684; Yanzick v. Sunset Minerals, Inc., 75 Idaho 384, 272 P.2d 696; Turner v. Boise Lodge No. 310, 77 Idaho 465, 295 P.2d 256; Brewster v. McComb, 78 Idaho 228, 300 P.2d 507; Darvell v. Wardner Industrial Union, 78 Idaho 309, 302 P.2d 950; Casger v. Fuger, 79 Idaho 56, 310 P.2d 812; In re Linzy, 79 Idaho 514, 322 P.2d 330. This rule applies to findings of the Board in Employment Security cases as well as to Workmen's Compensation. Ida. Mut. Ben. Ass'n v. Robison, 65 Idaho 793, 154 P.2d 156; Turner v. Boise Lodge No. 310, 77 Idaho 465, 295 P.2d 256.

█ The question here was one of fact, for determination by the Industrial Accident Board. The Board, and the appeals examiner, were required to decide whether the claimant met the requirements of I.C. sec. 72–1366(e). The applicable portion of that statute reads as follows:

"The personal eligibility conditions of a benefit claimant are that—

* * * * * *

"(e) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work * * *."

The burden was upon the claimant to show he had complied with these requirements: That is, that he was (1) able to work, (2) available for suitable work, and (3) seeking work. Turner v. Boise Lodge No. 310, supra; Wolfgram v. Employment Security Agency, 77 Idaho 298, 291 P.2d 279.

■ There is no question that Walker was able to work. Evidence was introduced as to whether he was seeking work as required by the statute; however, the Board treated as the only issue before it the question whether the claimant was available for work, and this requirement of availability alone disposes of the case.

In the hearing before the appeals examiner, a transcript of which was put into evidence at the hearing before the Board, the claimant testified he could have taken a job in Idaho Falls during this period provided he could have been home morning, noon and evening. Mrs. Walker described the children's illness, and testified with regard to her husband's presence at home during this time:

"Q. After he had returned home, what did he do, devote his time at the house? A. He was a great deal of help. Having him home was a big help.

"Q. I say, did he spend a great deal of his time around the house? A. Yes.

"Q. He wasn't away for any material length of time? A. No."

There was other testimony as to the children's illness, Mrs. Walker's nervous condition, and the necessity for the claimant to be at home during this period.

The Board, after setting forth the evidence, found the claimant was not available for work. It stated:

"Quite correctly the Appeals Examiner found that during the intervening period between his two stretches of work for M-K, claimant was unavailable for the kind of work which suited his skill. He was aiding in attendance upon his sick family. When that parental duty was ended, he returned to work at the place where his skill had a market. * * *"

There is competent and substantial evidence to uphold this finding of the Board.

The order is affirmed.

Costs to respondent.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.