361 P.2d 793

In re Arthur Robert SUTTON, deceased.

Laura Elizabeth SUTTON, widow on her own behalf and on behalf of Michael Joseph Sutton and Mary Paula Sutton, minors, Claimant-Appellant,

v.

BROWN'S TIE & LUMBER COMPANY, Employer and Employers Mutual Liability Insurance Company of Wisconsin, Surety, Defendants-Respondents.

No. 8915.

Supreme Court of Idaho.

May 8, 1961.

Wm. M. Smith, Boise, for appellant.

Paul S. Boyd, Boise, for respondents.

McFADDEN, Justice.

Claimant appeals from an order of the Industrial Accident Board denying death benefits under the Workmen's Compensation Law. A prior order granting compensation was reversed and remanded by this Court for a specific finding of fact as to whether the decedent received a personal injury caused by an accident arising out of and in the course of employment within the meaning of I.C. § 72–201, and for an appropriate order based on such finding. After remittitur, the Board found against the claimant and compensation was denied. This appeal involves the same facts as the prior appeal, which are so stated in our previous opinion. Sutton v. Brown's Tie & Lumber Co., 82 Idaho 135, 350 P.2d 345.

The weight and credence to be given evidence is for the Industrial Accident Board to determine, I.C. §§ 72–608, 72–609, 72–613; Warlick v. Driscoll, 68 Idaho 552, 559, 200 P.2d 1014; Swan v.

Williamson, 74 Idaho 32, 36, 257 P.2d 552. The Board's findings, when supported by substantial competent evidence, must be sustained, even though there may be other conflicting evidence. Zimmerman v. Harris Lumber Co., 82 Idaho 187, 350 P.2d 746, and cases therein cited.

The sole issue is whether the findings and order denying compensation are supported by substantial competent evidence.

The Board found: "Sutton's work did not cause his heart attack. nor did it have a thing to do with his coronary sclerosis or the formation of the coronary thrombosis. The work which Sutton was doing at the time of his death had no cause and effect relationship with his death." It further found: "At the time of Sutton's sudden collapse and probable instantaneous death there was no unexpected, undesigned, or unlooked for mishap, or untoward event, happening suddenly in any wise connected with the work or the industry in which he was engaged. He suffered no accident arising out of his employment." The Board concluded: "He did not at that time receive a personal injury caused by accident arising out of his employment with Brown's Tie & Lumber Company."

■ Among the elements essential to a claim for compensation under I.C. § 72–201 are an "accident" (Lewis v. Department of Law Enforcement, 79 Idaho 40, 311 P.2d 976; Laird v. State Highway Depart-

ment, 80 Idaho 12, 323 P.2d 1079; Whipple v. Brundage, 80 Idaho 193, 327 P.2d 383), and causal relationship (Lewis v. Department of Law Enforcement, supra; Warlick v. Driscoll, supra; Swan v. Williamson, supra). The Board's finding that both these elements are lacking in this case must be sustained if based upon evidence that is substantial and competent, even though conflicting.

While appellant's witnesses, Dr. Joseph Beeman and Dr. Roscoe C. Ward, testified that the death was attributable to decedent's employment, yet Dr. C. C. Johnson and Dr. John McCarter, testifying for respondents disagreed. Appellants would have us disregard the testimony of both of these witnesses of respondents, contending their testimony was incompetent and should not have been considered. With this we do not agree.

■ Dr. Johnson, a specialist in internal medicine testified: "I have an opinion, that his activity had nothing to do with his death." He further testified that " * * * the fact he expired while he was at work simply is a coincidental affair." In testifying that the work decedent was doing at the time of his death was not strenuous, Dr. Johnson compared the exertion expended in lifting one fifteen pound board with that expended in walking. As pointed out in our prior opinion, he thus assumed a state of facts different from that presented

by the case. We did not thus rule that Dr. Johnson's entire testimony was impeached, but merely indicated the matter for the Board's consideration in evaluating his testimony. Dr. Johnson also testified, that physical effort is not connected with coronary thrombosis, a thrombus being more likely to occur when the victim is at rest than when he is engaged in physical activity. The questioned assumption is not essential to his ultimate conclusion that the work did not cause the death, and so does not impeach his testimony. Dr. Johnson's quotation from medical treatises, upon which his opinion was, in part, based, was not assigned as error by appellant, but was discussed only inferentially. The use of such treatises goes only to the weight of the evidence, a question for the Board. See generally, I.C. § 9–402; 6 Wigmore, Evidence (3d ed., 1940) §§ 1690 et seq., 1700; Rogers, The Law of Expert Testimony (3d ed., 1941) §§ 80, 81, 123, 124; 32 C.J.S. Evidence § 573; 20 Am.Jur., Evidence § 797.

Dr. McCarter, a specialist in pathology, testified: "In my opinion the occupation and work which Mr. Sutton was doing at the time of his death had no cause and effect relationship with his death." He testified further: "The cause of death in the muscle, when it occurred, was due to lesions which had been accumulating over a long period of time. His death at the mill was, in my opinion, coincidental and not causative in any manner." Dr. McCarter's refusal, on cross-examination, to answer certain questions until they had been correctly phrased was proper and in no way tended to impeach his testimony as contended by appellant.

The Board found on substantial, competent, though conflicting evidence that no causal relationship existed between decedent's work and his death. Therefore, the finding of the board is binding on this court. I.C. § 72–609; Zimmerman v. Harris Lumber Co., 82 Idaho 187, 350 P.2d 746; Clevenger v. Potlatch Forests, Inc., 82 Idaho 383, 353 P.2d 396; Dawson v. Potlatch Forests, Inc., 82 Idaho 406, 353 P.2d 765. Failure to show causal relationship is fatal to the claim under the statute. Thus we need not decide whether decedent's heart attack constituted an "untoward event", and therefore an "accident" within the statute, and we decline to discuss the question beyond what was said in our prior opinion.

The order of the Industrial Accident Board denying compensation is affirmed.

Costs to respondent.

TAYLOR, C. J., KNUDSON and McQUADE, JJ., and MARTIN, D. J., concur.